UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Johnnie Lee Fleming,

    Petitioner,

v.                                                            Civil Case No. 10-14586
                                                              Criminal Case No. 09-20388

United States of America,

                                                              Honorable Sean F. Cox

    Respondent.
_____/

**OPINION & ORDER**
**DISMISSING PETITIONER'S MOTION TO VACATE SENTENCE**

This matter is currently before the Court on a Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255, filed by Petitioner Johnnie Lee Fleming ("Petitioner"). As explained below, the Court shall DISMISS the motion because the Court concludes that Petitioner waived his right to collaterally attack his sentence in the plea agreement that he executed.

BACKGROUND

Pursuant to a Rule 11 Plea Agreement, Petitioner pleaded guilty to Count One of the Information, which charged him with possession of intent to distribute cocaine base, in the form of crack cocaine, in violation of Title 21, United States Code, Section 841. (Docket Entry No. 7, Rule 11 Plea Agreement). That Rule 11 Agreement provides, at paragraph 7, as follows:

    7.    APPEAL WAIVER

> If the sentence imposed falls within the guideline range in Paragraph 2B, above, defendant waives any right to appeal his/her conviction. Defendant retains his/her right to directly appeal the Court's adverse determination of any disputed guideline issue that was raised at or before the sentencing hearing. The government agrees not to appeal any sentence within the guideline range it has

recommended in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range or to import a sentence below the guideline range that is unreasonable.

> **Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily <u>waives</u> that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.**

(Rule 11 Agreement at ¶ 6) (underlining in original; bolding added for emphasis).  In addition, page 11 of the Rule 11 Agreement states the following above Petitioner's signature:

> By signing below, defendant acknowledges that he/she has read (or been read) this entire document, understands it, and agrees to its terms.  He/she also acknowledges that he/she is satisfied with his/her attorney's advice and representation.  Defendant agrees that he/she has had a full and complete opportunity to confer with his/her lawyer, and has had all of his/her questions answered by his/her lawyer.

(*Id*. at 10).

Petitioner pleaded guilty to Count One of the Information before this Court on September 18, 2009.  (*See* Docket Entry No. 24, Transcript of Plea Hrg.).  At that time, Petitioner acknowledged that he was giving up his right to appeal and his right to collaterally attack his conviction, and that he was doing so freely and voluntarily. (*Id*.).  This Court accepted Petitioner's guilty plea on September 18, 2009, and took the Plea Agreement under advisement.

On December 18, 2009, this Court accepted the Plea Agreement and sentenced Petitioner to a term of 57 months imprisonment.  Judgment was entered on December 18, 2009.  (Docket Entry No. 8).

Petitioner did not file a direct appeal.

On November 16, 2010, Petitioner filed a *pro se* Motion to Vacate Sentence Under 28

U.S.C. § 2255. (Docket Entry No. 9).

On January 1, 2011, the Government filed a response in opposition to Petitioner's motion. (Docket Entry No. 16).

## ANALYSIS

The Government contends that this Court must dismiss Petitioner's § 2255 motion under *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999); *Davila v. United States,* 258 F.3d 448 (6th Cir. 2001); and *In Re Acosta*, 480 F.3d 421 (6th Cir. 2007), because Petitioner waived his right to collaterally attack his conviction and sentence in the plea agreement he executed. The Court agrees.

The Sixth Circuit has held "that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In Re Acosta*, 480 F.3d at 422; *Watson*, 165 F.3d at 488-89. The Sixth Circuit has emphasized "the distinction between appeals like this one, that simply relate to issues a defendant has validly agreed not to appeal or attack collaterally, from those that go to the very validity of a guilty plea." *Id.* In cases where a defendant argues that his plea was not knowing or voluntary, or that his plea was the product of ineffective assistance of counsel, such claims go to the validity of a guilty plea. *Id*.

Here, however, Petitioner has not raised challenge that goes to the validity of his waiver, such as a claim that his waiver was involuntary or that his waiver was the product of ineffective assistance of counsel. *Id.* Accordingly, Petitioner waived his right to collaterally attack his conviction and sentence in the plea agreement that he executed

The Court also concludes that a certificate of appealability should not issue. When a district court denies habeas relief on procedural grounds without reaching the petitioner's

constitutional claims, a certificate may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. Daniel*, 529 U.S. 473, 484-85 (2000). This Court does not believe that reasonable jurists would find it debatable as to whether this Court is correct in its ruling. The Court shall therefore decline to issue a certificate of appealability.

The Court will also deny Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous.

## CONCLUSION & ORDER

Petitioner waived his right to collaterally attack his conviction and sentence in the plea agreement that he executed. Accordingly, **IT IS ORDERED** Petitioner's § 2255 Motion is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

**IT IS SO ORDERED.**


Dated: February 24, 2011               S/ Sean F. Cox
                                       Sean F. Cox
                                       U. S. District Court Judge


I hereby certify that on February 24, 2011, the foregoing document was served upon counsel of record by electronic means and upon Johnnie Lee Fleming by First Class Mail at the address below:

4

Johnnie Lee Fleming # 42415-039
FCI Cumberland
Inmate Mail/Parcels
P.O. BOX 1000
Cumberland, MD 21501


Dated:  February 24, 2011                    S/ J. Hernandez
                                             Case Manager